**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-24094-BLOOM/Elfenbein**

RISING STAR HOLDINGS,

Plaintiff,

v.

FLORIDIAN HEALTH CENTERS LLC,

Defendant.
_____________________________/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Floridian Health Centers LLC's ("Defendant") Motion to Dismiss the Complaint, ECF No. [9] ("Motion"). Plaintiff Rising Star Holdings d/b/a ACZ Distribution ("Plaintiff") filed a Response in Opposition, ECF No. [13], to which Defendant filed a Reply, ECF No. [14]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff is in the business of distributing medical supplies and equipment. ECF No. [1] ¶ 6. At all relevant times, Plaintiff conducted business under its registered trade name, ACZ Distribution. *Id.* ¶ 7. On February 11, 2025, Plaintiff and Defendant entered into a Terms & Sales Agreement ("Agreement") under which Plaintiff agreed to supply medical products to Defendant, and Defendant agreed to pay for such products in accordance with the terms of the Agreement. *Id.* ¶ 8. Pursuant to the Agreement, Plaintiff is entitled to interest of 1.5% per month on any invoiced amounts more than 30 days overdue. *Id.* ¶ 9. In addition, the Agreement provides that Plaintiff is

entitled to recover its attorneys' fees, costs, and expenses incurred as a result of Defendant's breach of the Agreement. *Id.*

Between November 7, 2025 and February 11, 2026, Plaintiff supplied Defendant with certain medical products pursuant to the Agreement. *Id.* ¶ 10.Plaintiff issued invoices to Defendant for the products supplied pursuant to the Agreement. *Id.* ¶ 11. The amount due and owing under these invoices amounts to $1,823,380.44. *Id.* ¶ 12. Defendant submitted receipts or claims to Medicare for at least some of the medical products it purchased from Plaintiff. *Id.* ¶ 13. Defendant received reimbursement from Medicare for at least some of the medical products it purchased from Plaintiff. *Id.* ¶ 14.

Despite repeated demands for payment, Defendant has failed and refused to pay the outstanding balance due and owing to Plaintiff. *Id.* ¶ 15. Plaintiff has performed all conditions, covenants, and promises required of it under the Agreement. *Id.* ¶ 16.

In June 2026, Plaintiff filed the instant lawsuit, asserting three claims: Breach of Contract (Count I), Account Stated (Count II), and Unjust Enrichment (Count III). ECF No. [1]. In July 2026, Defendant filed the Motion, arguing the Complaint should be dismissed for failure to state a claim and because Plaintiff lacks capacity to sue. ECF No. [9]. Plaintiff filed a Response in Opposition, ECF No. [13], and Defendant filed a Reply, ECF No. [14].

## II. LEGAL STANDARD

When ruling on a Rule 12(b)(6) motion to dismiss, a court generally focuses on the complaint itself. *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) ("A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss."). Federal Rule of Civil Procedure 8(a)(2) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule

8 does not impose a requirement of "detailed factual allegations," but it does demand "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive an attack by a Rule 12(b)(6) motion to dismiss, a complaint must therefore contain factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). But a complaint may proceed if it contains "enough factual matter (taken as true) to suggest" the elements of the stated claims. *Twombly*, 550 U.S. at 556.

In evaluating the complaint, a court accepts as true the plaintiff's factual allegations and any reasonable inferences drawn from those facts. *Martins v. Royal Caribbean Cruises Ltd.*, 174 F. Supp. 3d 1345, 1349 (S.D. Fla. 2016) (citing *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). A court need not accept the plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 679. And while a court makes reasonable inferences in the plaintiff's favor, it need not make the same inferences as the plaintiff nor accept "unwarranted deductions of fact." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting *S. Fla. Water Dist. Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996)).

Although a court primarily considers only facts contained within the four corners of the complaint when ruling on a motion to dismiss, the court may consider additional documents when "a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).

## III. DISCUSSION

### A. Count I: Breach of Contract

Defendant argues that Plaintiff's Breach of Contract claim fails to satisfy the Statute of Frauds, as a contract for the sale of goods for $500 or more requires a contract, and Plaintiff's attached documentation shows no agreed-upon quantity. ECF No. [9] at 3–4. Plaintiff responds that the contract is attached to the Complaint, and nothing in the Statute of Frauds requires that all terms of a contract be in writing. ECF No. [13] at 2. Moreover, the Statute of Frauds contains an exception where payment has been made and accepted or goods received and accepted, which Plaintiff's allegations satisfy. *Id*. Defendant replies that the required quantity term is missing from the attached contract, and the goods-received-and-accepted exception does not apply, as the Complaint does not identify a product, quantity, or delivery. ECF No. [14] at 6–7.

Under Florida law, a plaintiff asserting a breach of contract claim must allege: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T–Mobile USA, Inc.*, 564 F. 3d 1256, 1272 (11th Cir. 2009). "To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Id*. Quantity is an essential term in a sale of goods contract. *Office Pavilion S. Fla., Inc. v. ASAL Products, Inc.*, 849 So. 2d 367, 371 (Fla. 4th DCA 2003).

Moreover, Florida Statute § 672.201(1) provides that, to be enforceable, a contract for the sale of goods for $500 or more must be evidenced by "a record sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by the party's authorized agent or broker." In such a case, the contract is not enforceable "beyond the quantity of goods shown in the record." *Id*. However, a contract which fails subsection

(1) but which is valid in other respects is enforceable "[w]ith respect to goods . . . which have been received and accepted." Fla. Stat. § 672.201(3)(c). That is, "[t]he statute of frauds . . . doesn't apply to contracts involving goods that have been received and accepted." *J K Sons LA, INC. v. Haimov 41, LLC, et al.*, No. 26-CV-20834, 2026 WL 2448920, at *2 (S.D. Fla. Aug. 21, 2026) (citing Fla. Stat. § 672.201(3)(c)).

And importantly, the Eleventh Circuit has made clear that an affirmative defense, such as the Statute of Frauds, "cannot be raised in a motion to dismiss unless the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action." *Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988) (internal citations and quotations omitted).

The Court does not find that dismissal of Count I based on the Statute of Frauds is warranted. The Court agrees that, on its own, the Agreement attached to the Complaint does not satisfy § 672.201(1), as it lacks a quantity term. However, for two reasons the Court does not find it "affirmatively and clearly" shows that no adequate contract exists.

First, "an enforceable contract can consist of several instruments in writing" so long as the instruments "show an actual meeting of the minds of the contracting parties." *Yun Enters., Ltd. v. Graziani*, 840 So. 2d 420, 422 (Fla. 5th DCA 2003); *see also Webster Lumber Co. v. Lincoln*, 94 Fla. 1097, 115 So. 498, 502 (Fla. 1927). "It is adequate for [a plaintiff] to allege that a contract exists[ ] without attaching the contract to the complaint in federal court." *Yencarelli v. USAA Cas. Co.*, No. 8:17-cv-2029-T, 2017 WL 6559999, at *2 (M.D. Fla. Dec. 22, 2017). Plaintiff here references several invoices, ECF No. [1] ¶ 11, which may well reflect the quantity of goods sold and may, taken together, constitute the precise sort of writing contemplated by Florida Statute § 672.201(1).

Second, even if the invoices do not reflect a quantity of goods sold and, in that sense, there is no writing adequate to satisfy § 672.201(1), Plaintiff plainly alleges that it supplied certain goods to Defendant. *See* ECF No. [1] ¶ 19. Even if the Agreement regarding particular quantities of goods were oral, it would still be taken outside the reach of the Statute of Frauds because, as alleged by Plaintiff, some quantity of goods was received and accepted. *See Universal Beverages, Inc. v. David Battle & Assocs., Inc.*, No. 3:13–CV–1434–J–25PDB, 2014 WL 12634277, at *2 (M.D. Fla. Apr. 1, 2014) (finding that the Statute of Frauds did not apply to bar enforcement of an oral contract where goods were received and accepted); *Studio Imports, Ltd., Inc. v. Dora*, No. 10-60178-CIV, 2011 WL 13213933, at *2 (S.D. Fla. Mar. 29, 2011); *Pegasus Aviation IV, Inc. v. Aircraft Composite Techs., Inc.*, No. 1:16-CV-21255-UU, 2016 WL 3390122, at *5 (S.D. Fla. June 17, 2016) (same); *Steel Media Grp., LLC v. Lewis*, No. 1:22-CV-21780, 2023 WL 1413043, at *4 (S.D. Fla. Jan. 6, 2023), *report and recommendation adopted*, No. 1:22-CV-21780-JLK, 2023 WL 1332832 (S.D. Fla. Jan. 31, 2023); *Al Booth's, Inc. v. Boyd-Scarp Enters., Inc.*, 518 So. 2d 422, 423 (Fla. 5th DCA 1988).

Thus, because the Agreement may not be the entirety of the written agreement between the parties, it is plausible that there exists a signed writing sufficient to satisfy § 672.201(1). Regardless, even if the greement as to the quantity of certain goods to be supplied was purely oral, it may be enforced notwithstanding the Statute of Frauds, as goods were received and accepted. In either case, dismissal of Count I is not warranted.

**B. Count II: Account Stated**

Defendant argues that Plaintiff fails to properly plead an account stated claim, as Plaintiff merely pleads that Defendant did not object to the invoices, which is insufficient. ECF No. [9] at 6. Plaintiff responds that it has alleged all the required elements of an account stated claim. ECF

No. [13] at 4–5. Defendant replies that merely presenting a claim that is retained without objection is insufficient to state a claim for account stated; where the actual invoices are not before the Court, the Complaint fails to identify sums agreed to be paid. ECF No. [14] at 5–6.

"An 'account stated' is defined as an agreement between persons who had had previous transactions, fixing the amount due in respect to such transactions and promising payment." *Idearc Media Corp. v. Premier Limousine, LLC*, No. 8:08-cv-1695-T-30MAP, 2009 WL 482293, at *2 (M.D. Fla. Feb. 25, 2009) (quoting *Nants v. F.D.I.C.*, 864 F. Supp. 1211, 1219 (S.D. Fla. 1994)). An account stated typically "arises from the rendition of a statement of transactions between the parties with a failure on the part of the party whom the account was rendered to object within a reasonable time or an express acquiescence in the account rendered." *Id.* (quoting *Nants*, 864 F. Supp. at 1219). Indeed, courts may infer an implied agreement "when the plaintiff establishes that it had a practice of periodic billing in the regular course of dealing with the defendant" and the defendant failed to object to the billing or account statement within a reasonable time. *Burt v. Hudson & Keyse, LLC*, 138 So. 3d 1193, 1196 (Fla. 5th DCA 2014) (citing *FDIC v. Brodie*, 602 So. 2d 1358, 1361 (Fla. 3d DCA 1992)). A party's failure to object to an account statement within a reasonable time also creates a key presumption—namely, that the account stated is correct and that the party is liable for that amount. *See id*. Based on this, to state a claim of account stated, a plaintiff must allege: "(1) an agreement between the parties as to the amount owed, (2) an agreement that the amount owed was due, and (3) an express or implicit promise to pay that amount." *Software Brokers of Am., Inc. v. Doticom Corp.*, 484 F. Supp. 3d 1205, 1212 (S.D. Fla. 2020).

The Court finds that Plaintiff has adequately alleged all the elements to state a claim for account stated. Plaintiff alleges that it issued invoices to Defendant for the medical products

supplied. ECF No. [1] ¶ 23. Defendant received and retained the invoices without objection. *Id.* ¶ 24. Plaintiff alleges that the invoices reflect "the amount due and owing." *Id.* ¶ 12. Indeed, even now, Defendant does not contend that it disputed the invoices or otherwise argue that the amounts listed for each invoice are incorrect. *See generally* ECF No. [9]. Defendant's lack of objection is sufficient to establish an agreement as to the amount owed and an agreement that the amount was due. The promise to pay that amount is partially implicit in Defendant's lack of timely objection, but it also finds explicit roots in the Agreement, in which Defendant agreed to make payments for items purchased and services rendered and agreed to pay interest on overdue invoiced amounts. ECF No. [1] at 8; *id.* ¶ 9.

Defendant's reliance on *McKissick v. Bilger*, 480 So. 2d 211, 213 (Fla. 1st DCA 1985), is misplaced. In that case, the Florida First District Court of Appeals stated the following:

> [P]roof only of the custom of periodically sending statements to a number of persons, including the person or persons sought to be charged, is insufficient proof by itself to create the presumption that an account has been stated. Neither does the presumption arise from proof of a person's failure to object when such person has had no dealing with the sender of the account. Accordingly, the presentation of a claim and its retention without objection are insufficient facts to establish the presumption.

480 So. 2d at 213 (internal citations omitted). Critically, the court addressed that case at a different posture, grappling with questions of *proof* rather than the questions of *allegations* relevant at the motion to dismiss stage. But more significantly, Plaintiff does not merely allege a custom of periodically sending statements to Defendant—it further alleges that Defendant did not object to those periodically-sent statements within a reasonable time and therefore impliedly agreed to the statements, which is the crux of the account stated claim. The court's statement that "the presentation of a claim and its retention without objection are insufficient facts to establish the presumption" of an account stated was clearly dependent on the prior sentence—that is, lack of

objection cannot give rise to a presumption of account stated where the would-be debtor had no dealing with the sender. But Plaintiff alleges a course of dealing between itself and Defendant. Fundamentally, *McKissick* dealt with a particular set of facts that undermined the finding of an agreement. It does not displace the broader rule, endorsed by Florida courts, that "a failure to object gives rise to an account stated[.]" *Green Tech Dev., LLC v. Kahn & Resnik, PL*, 373 So. 3d 350, 351 (Fla. 4th DCA 2023) (quoting *In re Rockefeller Ctr. Props.*, 241 B.R. 804, 824 n.26 (Bkrtcy. S.D.N.Y. 1999)).

Thus, the Court finds that Plaintiff has adequately stated a claim for account stated, and the Motion is denied as to Count II.

**C. Count III: Unjust Enrichment**

Defendant argues that Plaintiff's unjust enrichment claim fails because (i) there is an express agreement and (ii) there is an adequate legal remedy. ECF No. [9] at 6–7. Plaintiff concedes that prior allegations of a contract preclude an assertion of an unjust enrichment claim, although it argues it should be permitted to plead unjust enrichment in the alternative in the event that the Court finds no contract between the parties. ECF No. [13] at 5–6. Defendant replies that Plaintiff has conceded its point, and the Complaint does not plead anything in the alternative. ECF No. [14] at 4–5.

"The elements of a claim for unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof." *Hercules, Inc. v. Pages*, 814 F.Supp. 79, 80 (M.D. Fla. 1993) (citing *Henry M. Butler, Inc. v. Trizec Properties, Inc.*, 524 So.2d 710, 712 (Fla. 2d DCA 1988)). "[T]he theory of unjust enrichment is equitable in nature and is,

therefore, not available where there is an adequate legal remedy." *Gary v. D. Agustini & Asociados, S.A.*, 865 F.Supp. 818, 827 (S.D. Fla. 1994).

As a general matter, "no equitable claim for unjust enrichment lies where there is an express contract governing the parties' relationship." *United States for use & benefit of Insite Contractors Inc. v. Env't Mgmt. Res. Inc.*, No. 3:20CV5547-MCR/EMT, 2021 WL 11680333, at *3 (N.D. Fla. Feb. 8, 2021). However, the Florida Supreme Court allows a plaintiff to simultaneously plead unjust enrichment and a contract claim, "so that a plaintiff who fails to prove the existence of an express contract may still recover for an implied contract." *Frayman v. Douglas Elliman Realty, LLC*, No. 20-23393-CIV, 2021 WL 299951, at *16 (S.D. Fla. Jan. 25, 2021) (internal quotations omitted, citing *Hazen v. Cobb*, 96 Fla. 151, 117 So. 853, 857–58 (1928)).[1] Put differently, a party may plead unjust enrichment in the alternative where the existence of a contract is disputed. *Frayman*, 2021 WL 299951, at *16 (citing *In re Managed Care Litig.*, 185 F. Supp. 2d 1310, 1337–38 (S.D. Fla. 2002)).

Count III, as drafted, must be dismissed. Plaintiff does not allege that an adequate remedy at law does not exist. *See Webster v. Royal Caribbean Cruises, Ltd.*, 124 F.Supp.2d 1317, 1326 (S.D. Fla. 2000) (granting a motion to dismiss an unjust enrichment claim where the existence of a contract was undisputed, and the plaintiff did not allege that an adequate remedy at law did not exist). More critically, Plaintiff does not allege that its unjust enrichment claim is pled in the alternative. *See* ECF No. [1] ¶¶ 28–32. Instead, Plaintiff incorporates all its factual allegations, including its factual allegations that an express contract exists, *id.* ¶¶ 8–12, and "an unjust

---

[1] Federal law similarly provides that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). "No specific words or formulae are required to plead in the alternative, but plaintiffs must use a formulation from which it can be reasonably inferred that they are pleading in the alternative." *Ashley v. City of Hialeah*, No 11-cv-20490, 2011 WL 3236051, at *3 (S.D. Fla. July 28, 2011) (cleaned up).

enrichment claim is not brought in the alternative to a breach of contract claim where the plaintiff asserts that a valid contract existed within the count for unjust enrichment." *Luv N' Care, LTD. v. Shamosh Hakim*, No. 24-cv-22236, 2024 WL 4948976, at *6 (S.D. Fla. Dec. 3, 2024). The Court will therefore grant the Motion as to Count III with leave to amend to properly plead the unjust enrichment claim in the alternative.

**D. Capacity to Sue**

Defendant argues that Plaintiff lacks capacity to sue so, at a minimum, the action must be abated until the defect is cured. ECF No. [9] at 4. This is because Plaintiff is suing under an unregistered fictitious name and is otherwise an unqualified foreign corporation. *Id.* at 4–5. Plaintiff responds that it is not transacting business in the state of Florida, as it does not have offices, warehouses, or other facilities in Florida; all it has done is ship products into Florida. ECF No. [13] at 2–4. Defendant replies, first, that Plaintiff offers no response to one of its arguments and therefore concedes it. ECF No. [14] at 1–2. Nor could Plaintiff respond to that argument, as the Complaint makes clear that the argument applies. *Id.* at 2. Second, Defendant replies that Plaintiff's argument proceeds under the wrong legal standard, and Plaintiff defends itself with factual assertions not found in the Complaint. *Id.* at 3–4.

**i. Florida Statutes, § 865.09**

Pursuant to Florida Statutes, § 865.09(9)(a), a business that fails to register its fictitious name before engaging in business in the state, the business may not "maintain any action, suit, or proceeding in any court of this state with respect to or on behalf of such business until this section is complied with[.]" Fla. Stat. § 865.09(9)(a). "The purpose of the statute is to provide notice to one dealing with a business of the real party in interest." *Jackson v. Jones*, 423 So. 2d 972, 973 (Fla. 4th DCA 1982) (citing *Cor-Gal Builders, Inc. v. Southard*, 136 So. 2d 244 (Fla. 3d DCA

1962)). Importantly, "noncompliance is not a jurisdictional bar to commencing an action, but merely requires a court to hold the prosecution of a non-complying party's claim in abeyance until compliance is accomplished." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, No. 5:03-CV-22 OC-10GRJ, 2003 WL 25738599, at *3 (M.D. Fla. Sept. 18, 2003) (citation omitted).

The Court finds that Plaintiff fails to respond to this argument and therefore concedes it. *Genterra Grp., LLC v. Sanitas USA, Inc.*, No. 20-22402-CIV, 2021 WL 148887, at *7 (S.D. Fla. Jan. 15, 2021) (concluding that a party's "fail[ure] to respond to an argument in a motion to dismiss is equal to conceding that argument."). Moreover, on the merits, Defendant's argument is correct. Plaintiff alleges that it engaged in business with Defendant under the fictitious name, ACZ Distribution, sending products into the state of Florida. *See generally* ECF No. [1]. Indeed, the statute defines "business" as including "sell[ing] . . . any thing or article of value," which is precisely what Plaintiff alleges it has done here. Furthermore, Plaintiff has not registered its fictitious name in the state of Florida. ECF No. [9] at 14–25.

Certain courts waive or "disregard" the requirements of § 865.09(9)(a) in cases where the defendant's true identity is known to the plaintiff. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, No. 5:03-CV-22 OC-10GRJ, 2003 WL 25738599, at *3–4 (M.D. Fla. Sept. 18, 2003); *Dr. Fred Hatfield's Sportstrength Training Equip. Co. v. Balik*, 174 F.R.D. 496, 502 (M.D. Fla. 1997). The basic principle is that compliance is waived where the moving party is on "notice . . . the real party in interest." *Bradley v. City of Miami*, No. 17-21490-CIV, 2017 WL 3205506, at *6 (S.D. Fla. July 28, 2017) (quotation omitted). However, Florida courts generally direct that an action should be held in abeyance until a plaintiff comes into compliance with the statute. *Back to Mind Chiropractic v. Geico Gen. Ins. Co.*, 408 So. 3d 780, 783 (Fla. 4th DCA 2025).

Accordingly, the Court directs Plaintiff, prior to the filing of an Amended Complaint, to properly register its fictitious name and to indicate as much either in the Amended Complaint or in a supplemental notice.

**ii. Florida Statutes, § 607.1502**

Florida Statutes, § 607.1502(1) states as follows: "A foreign corporation transacting business in this state or its successors may not prosecute or maintain an action or proceeding in this state until it has obtained a certificate of authority to transact business in this state." Such a "door closing" statute bars claims based on diversity jurisdiction. *See Woods v. Interstate Realty Co.*, 337 U.S. 535, 538 (1949). In cases where this statute is implicated, courts can and do stay cases until a party complies—dismissal is not generally the appropriate remedy. *Art Brokers USA, Inc. v. Angulo*, No. 06-60045-CIV, 2006 WL 8432189, at *3 (S.D. Fla. Mar. 15, 2006); *Atria Holdings, S.A. v. Golden Fla. Trade LLC*, No. 6:25-CV-462-JA-LHP, 2025 WL 3640630, at *5 (M.D. Fla. Dec. 16, 2025).[2] Importantly, unlike § 865.09, § 607.1501 carves out certain activities from the definition of "transacting business," including "[s]oliciting or obtaining orders, whether by mail or through employees, agents, or otherwise, if the orders require acceptance outside this state before they become contracts" and "[t]ransacting business in interstate commerce." Fla. Stat. § 607.1501(2)(f), (i).

The Court agrees with Defendant. As alleged, Plaintiff made a specific agreement with a Florida entity—namely Defendant—to sell certain goods and ship them into Florida. ECF No. [1] ¶¶ 6–12. Indeed, Plaintiff details a large number of invoices spanning over four months. *Id.* ¶ 12. This is not a case where, for instance, Plaintiff simply sold goods to a national distributor and those

[2] "A court may stay a proceeding commenced by a foreign corporation or its successor or assignee until it determines whether the foreign corporation or its successor or assignee requires a certificate of authority. If it so determines, the court may further stay the proceeding until the foreign corporation or its successor or assignee has obtained a certificate of authority to transact business in this state." Fla. Stat. § 607.1502(3).

goods ended up in Florida, such that this might constitute "transacting business in interstate commerce." As alleged, this was a directed, sustained transaction amounting to nearly $2 million. Albeit in the personal jurisdiction context, courts routinely find that selling goods into Florida constitutes "transacting business" in the state. *See, e.g.*, *Louis Vuitton Malletier v. i0y3r8uui5o*, No. 0:26-CV-60226, 2026 WL 1666857, at *5 (S.D. Fla. May 21, 2026) (finding that the defendant "transact[ed] business in this State by selling and/or shipping counterfeit products here"); *Chloe S.A.S. v. Individuals, Bus. Entities , & Unincorporated Associations Identified on Schedule "A"*, No. 1:26-CV-21904, 2026 WL 1670646, at *5 (S.D. Fla. May 11, 2026) (same); *Apple Corps Ltd. v. The Individuals, Bus. Entities, & Unincorporated Associations Identified on Schedule "A"*, No. 0:25-CV-62462, 2026 WL 880656, at *4 (S.D. Fla. Mar. 4, 2026) (same). The Court finds that Plaintiff's alleged actions fit comfortably within the statute's conception of "transacting business" in Florida.

Accordingly, the Court directs Plaintiff, prior to the filing of an Amended Complaint, to obtain a certificate of authority to transact business within Florida and to indicate as much either in the Amended Complaint or in a supplemental notice.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion, **ECF No. [9]**, is **GRANTED IN PART AND DENIED IN PART**. Count III is dismissed.
2. Plaintiff may file an Amended Complaint consistent with this Order **by October 9, 2026**. Prior to filing an Amended Complaint, Plaintiff shall properly register its fictitious name and obtain a certificate of authority to transact business in Florida and shall indicate as much either in the Amended Complaint or in a supplemental notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 21, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record